IN THE UNITED STATES SOUTHERN
DISTRICT COURT OF TEXAS

United States Courts
Southern District of Texas
FILED

JUL 10 2018

David J. Bradley, Clerk of Court

CASE NO.

RICHARD AND BETTY STALONS,
DARREN DELEON
PLAINTIFF(S)

v.

FIRST CLASS VACATIONS, INC., / CRUISE FIREFLY, ET AL.,
DOES 1 THRU 5
DEFENDANT(S)

COMPLAINT FOR INJUNCTIVE RELIEF, DAMAGES,
AND OTHER STATUTORY RELIEF

PURSUANT TO

TELEPHONE CONSUMER PROTECTION ACT
(47 U.S.C. 227 Et. Seq.),

AND

DEMAND FOR JURY TRIAL

6419 Saffron Hills Drive
Spring, Texas 77379
(281)251-6675

1

## COMPLAINT

RICHARD and BETTY STALONS and DARREN DELEON, known as 'Plaintiff' thereafter, hereby sues FIRST CLASS VACATIONS, INC., / CRUISE FIREFLY, ET AL., known as 'Defendant' thereafter for sixteen (16) violations of the Telephone Consumer Protection Act (T.C.P.A.), 47 U.S.C. §227 *et seq.* ("TCPA") and regulations promulgated at 47 CFR §§§64.1200-1202. Plaintiff(s) alleges the following redress by this complaint is based on upon personal knowledge, verified records and by a sworn affidavit as to all matters mentioned herein.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. 1331.

2. Venue is proper pursuant to 28 U.S.C. 1391(b) in this District that Plaintiff is domiciled and the Defendant(s) transacted business here but is not registered in Texas which the alleged unlawful conduct complained of, had occurred.

6. This federal civil action is for *statutory* damages, exceeding $8,000.00.

## PARTIES

7. Plaintiff(s) are domiciled in Spring, Texas.

8. Defendant, "First Class Vacations, Inc. (05/24/04) / Cruise Firefly, et al, (same company) registered in Florida, CLIA #ST-36432, as a Seller of Travel, located at 1515 S. Federal Hwy #301, Boca Raton, FL 33432 but not in Texas verified (6/30/16) by William Pate (WPate@sos.texas.gov) with (NA) BBB rating: D+.

2

9. Defendants' registered agent is listed as Jeffrey Nahom, president and secretary, is located at the same address, *supra*.

10. Does 1 thru 5 are individuals whose identities are currently unknown to Plaintiff. One or more of these individuals may be joined as parties once their identities are disclosed through discovery.

## FEDERAL QUESTION

11. Did Defendant's agents violate Federal law under specific sections of 47 U.S.C. 227, known as the "Telephone Consumer Protection Act" ?

## I - BACKGROUND

12. Plaintiff files this action to enforce the consumer privacy provisions of the Telephone Consumer Protection Act as Defendant is alleged to have violated.

13. Since February 17, 2012, Plaintiff's home phone number has been registered on the National "*Do Not Call*" database as verified by F.T.C.'s registry.

14. From July 10, 2014 through August 13, 2015 on separate occasions, Plaintiff received sixteen (16) unauthorized telemarketing calls to their home landline telephone as verified Comcast records by Defendant agents to solicit a discounted cruise. *Charvat v. NMP, L.L.C.*, 656 F.3d 440, 452–453 (6th Cir. 2011). This proffered 'free cruise' offer is not technically 'free' since other costs are involved. E.g. 'bait and switch'. See: https://www.ripoffreport.com.

3

15. Plaintiff is within the federal four year statute of limitations for each call claim which began on July 10, 2014. TCPA claims are governed under 28 U.S.C. 1658(a). *Giovanniello v. ALM Media, L.L.C.*, 726 F.3d 106 (2nd Cir. 2013).

16. At all times, each telemarketing call incorporated an initial, long pause (5-20 seconds) before an agent began speaking or before a recorded message would play. This pattern is customary with autodialers and prerecorded message calls.

17. Plaintiff (Darren) asked each agent (4), "*who do you represent?*" Each agent stated, "*I represent Cruise Firefly*". The telemarketers are identified as Tiwana, Linsey, Dianna and Dianna. See sworn affidavit. **Exhibit "1"**.

18. Plaintiffs' also enters certified copies of their telephone records by Comcast's legal dept. as competent, substantive evidence to validate a 'proof of claim'. Fed. R. Evid. Rule 902 - *Evidence that is self-authenticating*. **Exhibit "2"**.

19. As defined in 47 U.S.C. 227, Plaintiff declares these telemarketing calls lacked: **1)** No prior written consent by any household member, (b)(1)(B); **2)** No prior business relationship expressing a commercial purpose, (a)(2); **3)** Not made for emergency purposes, (b)(1)(A); **4)** Not made by an exempt organization, (2)(F). Defendant must prove on the record and to the contrary, *supra*, of the existence of genuine issues of material facts.

20. Defendants' acts were a nuisance and invasion of privacy especially while caring (24 hrs) for Betty's mother (94 yrs old) suffering from stage-4 dementia.

## **GENERAL ALLEGATIONS**

21. Plaintiffs file this action, '*pro se,* since they are not trained in law and are to be held to less stringent standards than formal pleadings drafted by lawyers. *Miller v. Stanmore,* 636 F.2d 986, 988 (5th Cir. 1981) and to be given reasonable opportunity to amend any defects. *Platsky v. CIA*, 953 F.2d 26 (2nd Cir. 1991).

22. Since February 17, 2012, Plaintiff's home phone has been officially registered on the National "*Do Not Call*" database which is designed by Congress to protect and prohibit unconsented and unauthorized telemarketing sales calls.

23. In the most recent TCPA ruling, Massachusetts Supreme Court ruled 'robo-calls are harassment'. *Armata v. Target Corp.*, SJC-12448, June 25, 2018.

24. Where a moving party has carried its burden under Rule 56(c), the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." If Defendant fails to prove the existence of genuine issues of material facts then moving party is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* 475 U.S. 574, 586 (1986).

25. Any household member has standing to sue, not just account holder for TCPA violations. *Margulis v. P&M Consulting,* 121 S.W.3d 246 (Mo. App. 2003).

26. Plaintiff need not prove any monetary loss or actual damages to recover the statutory penalty. *Lary v. America Med. Practice Servs.*, 909 So. 2d 204 (Ala. Civ. App. 2005); *Kaplan v. Democrat & Chron., supra.*

5

27. The courts have awarded treble damages if a defendant's violations were *"willful* or *knowing"*, 47 U.S.C. 227(b)(3). Treble damages does not require any malicious or unjustifiable conduct but satisfied by 'knowing' conduct.

28. This court shall take judicial notice, Fed. R. Evid. Rule 201(c)(2) of a finding of *'willfulness'* does not require bad faith. Citing to *Texas v. Am. Blastfax, Inc.* case the court held that it does require that the caller "have reason to know, or should have known, that his conduct would violate the statute." 164 F. Supp. 2d 892, 899-901 (W.D. Tex. 2001). The Court sustained the "well-established" rule that "at a minimum, a principal is liable for willful acts of his agent committed within the scope of an agent's actual authority."

29. Plaintiff has the burden to establish for treble damages and must prove defendant knew that it acted or failed to act in a certain manner, not that the conduct itself constituted a violation of law. As contained on their website http://firstclassvacations.com/privacy-policy/ in 'Privacy Policy'(PP) section:

*Information Collection, Use, and Sharing: We only have access to/collect information <u>that you voluntarily give us</u> via email or other direct contact from you. We will use your information to respond to you, regarding <u>the reason you contacted us</u>. <u>Unless you ask us not to we may contact you via email, phone or mail in the future.</u>* (emphasis added).

30. Plaintiffs never consented to be contacted. 'PP' states, *"unless you ask us not to..."* The TCPA states it is unlawful for any person to make any unconsented calls, 47 U.S.C. 227(b)(1)(A) unless certain conditions are met, no.19, *supra*.

31. The court found in the context of the TCPA, 47 U.S.C.227(b)(3), the term "*willfully*" means "*defendant acted voluntarily under its own free will, despite of whether defendant knew that it was acting in violation of the statute*".

32. Under the Communications Act of 1943, as a part of the TCPA defines "*willful*" as "*conscious or deliberate commission or omission of such act, irrespective of any intent to violate any provision, rule or regulation.*" See: "*repeated*"

33. Defendant knew its premeditated telemarketing acts were a violation of the TCPA, *supra*, as 'willful blindness' since their actions would conflict with the long-established legal principle *that "ignorance of the law is no excuse"*.[1] In 137 Congressional Record 30, 821–30, 822 (1991), Senator Hollings stated:

    "*calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall.*"

34. Plaintiffs attempted to amicably resolve this matter "*in good faith*' prior to filing a civil action as not to additionally burden the parties or the federal courts that is already overburdened but without success based on their willful silence. Defendant were given three (3) opportunities to rebut Plaintiff's allegations of TCPA violations but rather remained silence and failed to respond, in honor.

35. Plaintiff provided three (3) separate notices to their mailing address, 1515 S. Federal Hwy #301, Boca Raton, FL 33432 for a rebuttal but never replied.

---

[1] See: *Amer. Home Servs., Inc. v. A Fast Sign Co., Inc.*, 747 S.E.2d 205, 208-209 (Ga. App. 2013); *Krakauer v. Dish Network LLC*, 14-333 (M.D. N.C. 2017).

36. On May 10, 2016, Plaintiff sent a "Demand & Notice to Respond", by U.S. certified mail, receipt no. 70140150000069712117 delivered to Defendant's agent on May 17, 2016. **Exhibit "3"**. On June 30, 2015, a "Final Notice with three (3) days to cure", sent by U.S. certified mail 70140150000069712148, delivered July 5, 2016. **Exhibit "4"**. On June 8, 2018, a "Final Notice pending legal action" by U.S. postal mail service. **Exhibit "5"**. No response received.

37. A 'notice of legal responsibility is *"the first essential of due process of law"*"[2]. Furthermore, a court proceeding is not a requirement of due process yet it satisfies the due process clause[3], e.g. IRS 'notice of tax lien'.

38. It is well known by the courts that 'silence is considered an admission of guilt in civil matters' ('Admissions by silence', 32 AmJur 2d 253) and that *'silence gives consent in business life'*. Maxim: *"He who does not deny, admits"*.

39. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). See: *E.E.O.C. v. LHC Group., Inc.*, 773 F.3d 688, 694 (5th Cir.2014). This matter is based upon one essential question of law, "Did Defendant through its agents, violate federal law of sections of 47 U.S.C. 227? Unequivocally, they most certainly did.

---

[2] *Connally v. General Construction Co.*, 269 U.S. 385, 391 (1926)
[3] *Ballard v. Hunter*, 204 U.S. 241, 255 (1907); *Palmer v. McMahon*, 133 U.S. 660, 668 (1890)

## COUNT I - TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. 227)

40. Plaintiff alleges and incorporates the information in paragraphs 1 through 39.

41. The TCPA makes it unlawful for any *'person'* within the United States . . . *to make any call using any automatic telephone dialing system or an artificial or prerecorded voice* pursuant to 47 U.S.C. 227(b)(1)(A)(B).

42. Defendant(s) demonstrated *"willful"* and *"deliberate"* acts of non-compliance under 47 U.S.C. 227(b)(1)(A) and (b)(3)(C) by using an automatic telephone dialing system to call Plaintiff's landline on sixteen (16) separate occasions within one year. Telemarketing calls is one of the most invasive practices defined as an *obnoxious* and *unwanted intrusion into the privacy* of a consumer's home.

43. Plaintiffs are entitled to damages of $500 for the first call and between $500 to $1500 each call thereafter (15) per each TCPA violation under 47 U.S.C. 227(b)(3), subject to the court's discretion, as an actionable ground under 47 U.S.C 227(c)(5) as a claim in which relief can be granted in Plaintiffs' favor.

## COUNT TWO – Intrusion upon Seclusion

44. Plaintiffs allege Defendants telemarketing calls were a nuisance and invasion of their privacy of very harm that TCPA was created to prevent which had satisfied the concreteness component of Article III's standing.

9

45. The elements have been met for this cause of action by Defendant's invasion of privacy as 'intrusion on seclusion': A) Defendant intentionally intruded on Plaintiffs' solitude, seclusion or private affairs; and B) the intrusion would be highly offensive to a reasonable person. Especially since Plaintiffs were already over-taxed for caring for Betty's mother (94 yrs old) suffering from stage-4 dementia requiring 24 hours per day, 7 days a week of supervision and care.

## COUNT THREE – NEGLIGENCE

46. Defendant owed Plaintiffs a legal duty to exercise at least reasonable care in 'scrubbing' their telemarketing lists against the National "Do-Not-Call" database list before one telemarketing call was made to Plaintiffs' home phone thus intruding upon Plaintiffs' privacy.

47. Defendant breached their duty of care against public policy and against Plaintiffs right to privacy which they had placed their home phone number on the National 'Do-Not-Call' list since February 17, 2012.

48. Plaintiff was damaged as a direct result of Defendant's breach.

WHEREFORE, Plaintiff moves this honorable Court to grant the following relief:

The Defendant(s) has demonstrated repeated 'willful' and 'deliberate' acts in direct violation of 47 U.S.C. 227(b)(1) and all calls actionable under 47 U.S.C. 227(c)(5).

1. Adjudging that Defendant(s) violated sections of the TCPA, 47 U.S.C. 227;

2. Award Plaintiff *statutory* damages pursuant to 47 U.S.C. 227(c)(5) as an actionable ground as a claim in which relief can be granted, of $500 for the first call and requests treble damages of $1500 for each call thereafter (15) made as clearly shown to be *"willful"*, *"repeated"* and *"deliberate"* acts as established;

3. Award Plaintiff any fees and costs incurred in this civil action;

4. Award Plaintiff any post-judgment interest as allowed under the law;

5. Award Injunctive relief prohibiting Defendant(s) such acts in the future;

6. Award of all attorneys' fees and costs for Plaintiff, if any;

7. Such other monetary award as the Court deems just and proper

    (a) By protecting the public from such unethical conduct;

    (b) Sufficient to punish the violations;

    (c) Severe enough to deter others prone to commit similar violations;

8. Award such other and further relief as the Court may deem just and proper;

9. Demand for Jury Trial for all counts so treble as a matter of law;

11

_____
RICHARD STALONS, Plaintiff,
All rights reserved without recourse or prejudice.

_____
BETTY STALONS, Plaintiff,
All rights reserved without recourse or prejudice.

_____
DARREN DELEON, Plaintiff
All rights reserved without recourse or prejudice.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this complaint and attached exhibits was furnished to the U.S. District Court for the Southern District of Texas, 515 Rusk Ave., Houston, TX, 77002 and Defendant, First Class Vacations, Inc. / Cruise Firefly, et al, (same company) at 1515 S. Federal Hwy #301, Boca Raton, FL 33432 by U.S. Postal Mail on this 9th day of July 2018.

_____
RICHARD STALONS, Plaintiff,

_____
BETTY STALONS, Plaintiff,

_____
DARREN DELEON, Plaintiff

12

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS<br>RICHARD AND BETTY STALONS, DARREN DELEON | DEFENDANTS<br>First Class Vacations, Inc. / Cruise Firefly, et al,<br>1515 S. Federal Hwy #301, Boca Raton, FL 33432 |
|---|---|
| (b) County of Residence of First Listed Plaintiff   Harris<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant   Palm Beach (Fla)<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)*<br>pro se, 6419 saffron hills drive, spring texas 77379 (281)251-6675 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 USC 227

Brief description of cause:
violations (16) of the federal Telephone Consumer Protection Act - actionable grounds in 47 U.S.C. 227(c)(5)

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 8,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  07/09/2018
SIGNATURE OF ATTORNEY OF RECORD   *[signed]* Co-Plaintiff

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____