United States Courts
Southern District of Texas
FILED

OCT 15 2021

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES SOUTHERN
DISTRICT COURT OF TEXAS

CASE NO. 4:18-cv-02366

RICHARD AND BETTY STALONS, DARREN DELEON
PLAINTIFF(S)

v.

FIRST CLASS VACATIONS, INC., / CRUISE FIREFLY, ET AL.,
DOES 1 THRU 5
DEFENDANT(S)

PLAINTIFF'S OPPOSITION TO ORDER TO DISMISS FOR WANT OF PERSECUTION

1. Plaintiffs strongly believe there has been a miscommunication by either by accidental oversight, unintentional act, omission, error or misplaced confidence between the court and plaintiffs, whereas a prior 'motion for entry of default judgment' was mailed in 2018.

2. On November 15, 2018, plaintiffs had submitted a 'motion for entry of default judgment', in good faith, to the court and to the defendant through the regular U.S. Postal mail service and not requiring any certified mail service. Plaintiffs' attaches a copy of their 'motion for entry of default judgment' with signatures as previously saved. **Exhibit "1"**.

3. Verification of the original mailed motion for entry of default judgment created and stored date (11/15/2018) in plaintiff's computer document properties page confirms. **Exhibit "2"**.

4. After plaintiff's 'motion for entry of a default judgment' was submitted by regular mail, plaintiffs made several follow-up telephone calls to their case manager, Cynthia, regarding the current status of the plaintiff's 'motion for entry of default judgment'. Plaintiff's never received a reply telephone call or mail from the court as to the status of their motion.

1

5. Plaintiffs, being pro se litigants, were not permitted to submit their pleading by EFT and did not have access to Pacer but innocently relied on communications with their case manager, Cynthia, on their case status.

6. Plaintiffs, being pro se, followed the federal rules of civil procedure in submitting a timely 'motion for entry of a default judgment' on Nov. 15, 2018, to the court and defendant, shortly after being previously awarded a 'default judgment' based on defendant's non-responses.

7. Plaintiffs were merely waiting for the court's response regarding their 'motion for entry of a default judgment' as originally submitted on Nov. 15, 2018 to all parties. The plaintiffs did not wish to be a nuisance or burden to the court by making repeated telephone calls.

8. The Plaintiffs were under the innocuous assumption that the court was still in the process of rendering a favorable adjudicated decision in their favor. Again, plaintiffs did not wish to be a nuisance or burden to the court by making repeated telephone calls.

9. Equity recognizes unintended mistakes and ignorance of the facts. A mistake is some unintentional act, omission, or error arising from ignorance, surprise, imposition, or misplaced confidence. 1 Story. Eq. Jur. §110. The result of ignorance of law or fact, which has mislead a person to commit that which if he had not been in error, he would not have done. Jeremy, Eq. Jur. 358. A mistake exists when a person, under some erroneous conviction of law or fact does, or omits to do, some act which but for the erroneous conviction he would not have done or omitted. It may arise either from unconsciousness, ignorance, forgetfulness, imposition, or <u>mislead confidence,</u> Bisph. Eq. §185 as defined in Black's Law Dict., 1st Edition, pg. 780 (1891)( SCOTUS stated in *Paterson v. Walgreen Co.*, 18-349 (2018), that Black Law is a second authority in all courts). Equity can grant relief from either a mutual mistake of fact or a mutual mistake of law. Both need not be present.

10. As invoked by the United States, the 5th Circuit having jurisdiction <u>to grant relief against the consequences of an honest mistake</u> which was bound by the maxim 'equity regards that as done which ought to have been done', *Bradley v. U.S.*, 214 F.2d 5 (5th Cir. 1954).

11. Throughout this matter, plaintiffs made four prior attempts (May 17, 2016, July 5, 2016, July 27, 2018 and October 22, 2018) to amicably resolve this matter without the intervention of the federal court. However, on all occasions defendant willfully failed to respond by choosing to remain silent and not timely respond to any of plaintiff's correspondences.

12. Silence is considered an admission of guilt in civil matters, 'Admissions by silence', 32 AmJur 2d 253 §§10, 32 - In general. There is a generally accepted rule of human conduct which holds that a person will usually try to repel an imputation or claim that has no foundation in fact. An unavoidable corollary of this rule, often expressed in the maxim *"Qui tacet consentire videtur,"* (*"he who is silent is taken to agree"*) serves as the generally recognized principle, subject to various qualifications, a person's silence may be construed for evidentiary purposes as a tacit admission of the facts stated where a statement is made in regard to facts affecting his rights and he makes no reply. Under the law of estoppel, 'silence' implies knowledge and an opportunity to act upon it. *Pence v. Langdon,* 99 U.S. 578 (1878). Estoppel is applied against wrongdoers and not against victims, as in this matter. *Appalachian Inc. v. Olson,* 468 So.2d 266, 269 (Fla. 2d DCA 1985).

13. Upon the commencement of plaintiff's civil action, defendant had also failed to file a timely reply response to Plaintiff's verified complaint. Plaintiffs, as the moving party, had met its burden pursuant to Fed.R.Civ.P., Rule 56(c) and were awarded a 'judgment by default'.

14. Plaintiffs request relief from the order to dismiss for a want of persecution pursuant to Fed.R.Civ.P., Rule 60 (a)(b)(1)(6) based on a harmless mistake, error or oversight.

3

Conclusion

15. Plaintiffs apologize to the court for any miscommunication, accidental mistake, inadvertent oversight, unintentional act, excusable omission or unintended error arising from misunderstanding, unawareness, imposition or misplaced confidence on their part.

16. This case should not be dismissed because of a miscommunication or an unintentional, harmless oversight between the court and plaintiffs based on the following reasons:

   a) Not based on any facts by defendant that plaintiffs could not prove their case;

   b) Defendant did not offer any new evidence at anytime and received a copy of said motion;

   c) Defendant was not innocent the allegations based on its silence during pre and post trial;

   d) Plaintiffs were never given an 'order to show cause' by the court in why this matter should be dismissed. If such an order was provided, plaintiffs would have responded timely.

   e) Plaintiffs did not submit a motion for voluntary dismissal or motion for nolle prosequi.

   f) Plaintiffs would suffer an unnecessary financial expense and burden if forced to commence this entire civil matter over from the beginning, *ab initio*, or to file an avoidable appeal.

   g) Plaintiffs were awarded an adjudicated default and are entitled to a default judgment.

Wherefore, Plaintiffs request relief from the court's order to dismiss for a want of persecution based on a miscommunication, unintentional mistake or accidental oversight under Fed.R.Civ.P., Rule 60(a)(b)(1)(6) - (a) Relief from an order; (b) Grounds for relief from order; 1) mistake, inadvertence, surprise, or excusable neglect; (6) any other reason that justifies relief.

Plaintiffs requests for the court to render a ruling based on their *original* 'motion for entry of a default judgment' mailed on Nov. 15, 2018 under Fed.R.Civ.P., Rule 55(b)(2) and the Maxim '*equity regards that as done which ought to have been done*' if the motion was accidently misplaced, lost by U.S. mail or by a harmless, unforeseen error and requests *grace* by the court.

Executed on 13th day of October 2021.

_____
Richard Stalons, Co-Plaintiff,

_____
Betty Stalons, Co-Plaintiff,

_____
Darren DeLeon, Co-Plaintiff,
All rights reserved without recourse or prejudice.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this motion for default judgment was furnished to the U.S. District Court for the Southern District TX, 515 Rusk Ave, Houston, TX 77002 and Defendant(s), First Class Vacations, Inc., / Cruise Firefly, et al, c/o Jeffrey Nahom, president / registered agent, 1515 So. Federal Hwy # 301, Boca Raton FL 33432 by U.S. Postal Mail on this 13th day of October, 2021.

_____
Darren DeLeon, Co-Plaintiff,

5

# EXHIBITS APPENDIX

Exhibit "1"

IN THE UNITED STATES SOUTHERN
DISTRICT COURT OF TEXAS

CASE NO. 4:18-cv-02366

RICHARD AND BETTY STALONS, DARREN DELEON
PLAINTIFF(S)

v.

FIRST CLASS VACATIONS, INC., / CRUISE FIREFLY, ET AL.,
DOES 1 THRU 5
DEFENDANT(S)

MOTION FOR ENTRY OF DEFAULT JUDGMENT

1. Plaintiff(s) motions the court for an entry of judgment by default against defendant(s) FIRST CLASS VACATIONS, INC., / CRUISE FIREFLY, et al., pursuant to Fed.R.Civ.P. Rule 55(b)(2).

2. Plaintiff requests for the court to conduct a debtor's exam, asset search, hearings or make referrals to enter or effectuate judgment such as: Fed.R.Civ.P. Rule 55(b)(2)(A) conduct an accounting; (B) determine amount of damages.

3. In support of this request, Defendants failed to file a timely reply response to Plaintiff's verified complaint. Plaintiffs, as the moving party, have met its burden under Rule 56(c) and are entitled to entry of judgment by default.

1

4. As a precaution, Plaintiffs would review their Comcast Telephone Account online and had saved all call records of received calls made by defendants. These logged telemarketing call stand as substantive evidence to validate their 'proof of claim', Fed. R. Evid. Rule 902 - *Evidence that is self-authenticating.*

|     | **DATE** | **TIME** | **CALL # ORIGIN** | **HQ PHONE #** |
| --- | --- | --- | --- | --- |
| 1.  | JULY-10-2014 | 16:03:59 | 5613259917 | TIWANA |
| 2.  | AUG-20-2014 | 14:16:39 | 7864194597 | LINSEY |
| 3.  | AUG-27-2014 | 16:25:32 | 3344317322 | DIANNA |
| 4.  | SEPT-11-2014 | 09:28:22 | 3344317322 | DIANNA |
| 5.  | MAR-25-2015 | 13:18:13 | 2817533916 | pre-recorded |
| 6.  | APR-17-2015 | 13:08:44 | 2817533916 | pre-recorded |
| 7.  | APR-30-2015 | 15:22:09 | 2817533916 | pre-recorded |
| 8.  | MAY-11-2015 | 18:23:48 | 2817533916 | pre-recorded |
| 9.  | MAY-19-2015 | 14:43:15 | 2817533916 | pre-recorded |
| 10. | JUN-10-2015 | 15:20:00 | 2817533916 | pre-recorded |
| 11. | JUN-22-2015 | 13:17:35 | 2817533916 | pre-recorded |
| 12. | JUL-09-2015 | 15:58:25 | 2817533916 | pre-recorded |
| 13. | JUL-09-2015 | 16:03:41 | 2818238072 | pre-recorded |
| 14. | JUL-22-2015 | 13:24:13 | 2817533916 | pre-recorded |
| 15. | AUG-06-2015 | 15:03:40 | 2817533916 | pre-recorded |
| 16. | AUG-13-2015 | 15:09:39 | 2817533916 | pre-recorded |

5. Plaintiffs request to be awarded treble damages (15 of 16 calls) that defendant's violations were "*willful* or *knowing*", 47 U.S.C. 227(b)(3). The term "*willfully*" means "*defendant acted voluntarily under its own free will, despite of whether defendant knew that it was acting in violation of the statute*" as contained on their website http://firstclassvacations.com/privacy-policy/ in 'Privacy Policy'. Treble damages does not require any malicious or unjustifiable conduct but satisfied by 'knowing' conduct. The first call may be awarded up to $500 then 15 of 16 calls may be awarded up to $1,500 each, for a total of $23,000.

2

7. Plaintiff requests reimbursement for postage costs for certified mailings:

- May 10, 2016, receipt no. 70140150000069712117 - **$5.15**
- June 30, 2016, receipt no. 70140150000069712148 - **$5.15**
- June 8, 2018, by regular U.S. postal mail service - **$ .49**
- July 9, 2018, compliant sent 1 day delivery to USDC, Houston - **$24.70**
- July 28, 2018, verified complaint with waiver of summons (failed to sign) receipt no. 70160600000091634256 - **$7.33**
- Sept. 8, 2018, verified complaint with summons to FL process server receipt no. 70160600000091634287 - **$4.58**

**Total mailing costs: $47.40**

6. Plaintiff requests reimbursement for other associated fees and costs:

- July 9, 2018 - Reimbursement for filing fees in USDC, Houston - **$400.00**
- July 17, 2018 - Notarized affidavit costs to notary - **$8.00**
- Sept. 8, 2018 - Cost for FL process server - **$90.00**
- If granted by the court's discretion, Plaintiff request reimbursement for time to perform legal research and to create various pleadings, affidavit, notices and other correspondences.

WHEREFORE, Plaintiff moves this honorable Court to grant a default judgment for the following relief:

The defendant(s) has demonstrated repeated 'willful' and 'deliberate' acts in direct violation of 47 U.S.C. 227(b)(1) and all calls actionable under 47 U.S.C. 227(c)(5).

1. Adjudging that Defendant(s) violated sections of the TCPA, 47 U.S.C. 227;

2. Award Plaintiff statutory damages under 47 U.S.C. 227(c)(5) as an actionable ground as a claim in which relief can be granted, up to $500 on the first call; and award treble damages of $1500 for each call thereafter (15 of 16) made to be *"willful"*, *"repeated"* and *"deliberate"* acts by defendants, as established;

3

3. Award Plaintiff any fees and costs incurred in this civil action;

4. Award Plaintiff any post-judgment interest as allowed under the law;

5. Award injunctive relief prohibiting Defendant(s) such acts in the future;

6. Such other monetary award as the Court deems just and proper

    (a) By protecting the public from such unethical conduct;

    (b) Sufficient to punish the violations;

    (c) Severe enough to deter others prone to commit similar violations;

7. Award such other and further relief as the Court may deem just and proper;

Executed on 15th day of November 2018.

_____
Richard Stalons, Co-Plaintiff,

_____
Betty Stalons, Co-Plaintiff,

_____
Darren DeLeon, Co-Plaintiff,
All rights reserved without recourse or prejudice.

CERTIFICATE OF SERVICE
I HEREBY CERTIFY that a copy of this motion for default judgment was furnished to the U.S. District Court for the Southern District TX, 515 Rusk Ave, Houston, TX 77002 and Defendant(s), First Class Vacations, Inc., / Cruise Firefly, et al, c/o Jeffrey Nahom, president / registered agent, 1515 So. Federal Hwy # 301, Boca Raton FL 33432 by U.S. Postal Mail on this 15th day of November, 2018.

_____
Darren DeLeon, Co-Plaintiff,

4

9

**Exhibit "2"**

MOTION FOR ENTRY OF DEFAULT JUDGMENT 11-15-2018 w signatures.pdf - Adobe Acrobat Reader DC (32-bit)

**Document Properties**

Description | Security | Fonts | Custom | Advanced

Description

⇨ File: MOTION FOR ENTRY OF DEFAULT JUDGMENT 11-15-2018 w signatures

Title: 2

Author: HP Authorized Customer

Subject:

Keywords:

⇨ Created: 11/15/2018 5:47:00 PM

Modified: 11/15/2018 5:50:05 PM

Application: Microsoft® Office Word 2007

Advanced

PDF Producer: Microsoft® Office Word 2007

PDF Version: 1.6 (Acrobat 7.x)

Location: C:\Users\darren34276\Documents\1 - TCPA\Firefly Travel\

File Size: 365.72 KB (374,494 Bytes)

Page Size: 8.50 x 11.00 in          Number of Pages: 5

Tagged PDF: Yes          Fast Web View: Yes

10